U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| STEVE SANDHOLM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 09 C 50119 |
| THE DIXON PUBLIC SCHOOL ) | |
| DISTRICT NO. 170, CAROLYN ) | |
| BRECHON, JAMES HEY, ) | |
| THOMAS BALSER and WOODY ) | |
| LENOX, ) | |
| ) | |
| Defendants. ) | |

## **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF AUDIOTAPES**

NOW COME the Defendants, THE DIXON PUBLIC SCHOOL DISTRICT NO. 170, CAROLYN BRECHON, JAMES HEY, THOMAS BALSER and WOODY LENOX, by their attorneys, CASSIDY & MUELLER, and for their Resistance to Plaintiff's Motion to Compel Production of Audiotapes state as follows:

1. As a part of this Response, the following Exhibits are presented to the Court for *in camera* review:

      a) Exhibit A, a true and correct copy of the DIXON PUBLIC SCHOOL DISTRICT NO. 170's Executive Session transcript of March 19, 2008 and an audio tape of it.

      b) Exhibit B, a true and correct copy of the DIXON PUBLIC SCHOOL DISTRICT NO. 170's Executive Session transcript of April 14, 2008 and an audio tape of it.

      c) Exhibit C, a true and correct copy of the DIXON PUBLIC SCHOOL DISTRICT NO. 170's Executive Session transcript of April 23, 2008 and an audio tape of it.

    d)    Exhibit D, a true and correct copy of the DIXON PUBLIC SCHOOL DISTRICT NO. 170's Executive Session transcript of July 9, 2008 and an audio tape of it.

    e)    Exhibit E, a true and correct copy of the DIXON PUBLIC SCHOOL DISTRICT NO. 170's Executive Session transcript of September 17, 2008 and an audio tape of it.

## BACKGROUND

2.    On September 4, 2009, Plaintiff filed a Motion to Compel Answers to Interrogatories and Responses to Request Production.

3.    In their answers to Plaintiff's Interrogatories and responses to Plaintiff's Request to Produce Documents, Defendants did not produce the audiotapes in their entirety asserting (1) the Federal Deliberative Process Privilege, (2) the Illinois Open Meetings Act Privilege for Executive Sessions, 5 ILCS 120/2, and (3) the attorney-client privilege.

## I.

## DEFENDANTS ASSERT THE FEDERAL DELIBERATIVE PROCESS PRIVILEGE FOR PORTIONS OF THE REQUESTED EXECUTIVE SESSION AUDIOTAPES

4.    As supported in the attached memorandum of law, the Federal Deliberative Process Privilege shields from discovery many of the discussions occurring during the School District's executive sessions. Tumas v. Board of Education of Lyons Township, 2007 WL 2228695 (N.D.Ill.),

5.    Discussions concerning Plaintiff's position as basketball coach at Dixon High School began in earnest with the March 19, 2008, Executive Session when the School Board was presented with numerous letters from the community and requests by parents to speak during that evenings public portion of the School Board meeting, all relating to Plaintiff's performance as Dixon High School Varsity Boys Basketball Head Coach. After digesting the public's input, the

School Board began in Executive Session its initial discussions on solutions to the public controversy surrounding Plaintiff's coaching position.

6. The April Executive Sessions, continued to address the community's concerns about Plaintiff's performance as coach. The Board continued the debate on the School Board's possible course of action regarding the community's concerns about Coach Sandholm. During the April 23, 2008, Executive Session the School Board's possible solutions to the concerns neared a final decision about Plaintiff's job as Head Basketball Coach.

7. After the School Board made a determination to replace Plaintiff as Dixon High School Varsity Boys Basketball Head Coach, Executive Session discussions occurred during the July 9, 2008 and September 17, 2008 concerning Plaintiff's position as Athletic Director. These discussions were complicated by the fact that Sandholm had retained counsel and was involved in state court litigation against some parents concerning his coaching position in Rock Island County. During these Executive Sessions, the School Board deliberated and was presented with a range of options by its attorney concerning Plaintiff's future as Athletic Director after the completion of his term.

8. During the Executive Sessions surrounding Plaintiff, School Board members continually engaged in discussions and deliberations about concerns of possible litigation and obtained advice from counsel.

9. Defendants made their formal claim to the privilege in their Response to Request for Production of Documents and Answers to Interrogatories filed with this court on October 23, 2009.

10. Defendants detailed the 'precise and certain reasons' for asserting the privilege in their Memorandum of Law in Resistance to Plaintiff's Motion to Compel Audiotapes filed concurrently with this Motion.

11. The following portions of the transcripts are protected by the Federal Deliberative Process Privilege:

> Exhibit B: Transcript of April 14, 2008 Executive Session – Pages 4-5, 10-11, 13-24
>
> Exhibit C: Transcript of April 23, 2008 Executive Session – Pages 2-5
>
> Exhibit D: Transcript of July 9, 2008 Executive Session – Pages 8-22
>
> Exhibit E: Transcript of September 17, 2008 Executive Session – Pages 6-17

12. Plaintiff cannot demonstrate any "particularized need" for the requested audiotapes.

13. Allowing discovery of the audiotapes undercuts the policy of the Federal Deliberative Process Privilege recognizing the importance of encouraging free and frank discussion during closed meetings.

## **II**.

## **DEFENDANTS ASSERT THE ILLINOIS OPEN MEETINGS ACT PRIVILEGE FOR EXECUTIVE SESSIONS, 5 ILCS 120/2, FOR ALL CLOSED DOOR MEETINGS**

14. Defendants assert the Illinois Open Meetings Act Privilege for Executive Sessions, 5 ILCS 120/2, for all audiotapes referenced in Plaintiff's Motion to Compel Discovery.

15. The Illinois Open Meetings Act provides that the verbatim record of a meeting closed to the public shall not be open for public inspection or subject to discovery in any administrative or judicial proceeding other than one brought to enforce [the Illinois Open Meetings Act]. 5 ILCS 120/2.06.

16. In accordance with the statutory requirements, the School District's Executive Sessions were closed to the public and minutes associated with those closed meetings were not released without the express approval of all School Board members.

17. The Illinois Open Meetings Act Privilege for Executive Sessions is a privilege based in state law to which the Court is not bound when the case arises under federal law. However, as the Court also stated in <u>Tumas v. Board of Education of Lyons Township</u>,

> "[A] strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy."

18. Defendants assert that recognizing an established principle of Illinois public policy will not come at substantial cost to federal substantive and procedural policy.

19. Defendants assert the Illinois Open Meetings Act Privilege for Executive Sessions for the following DIXON SCHOOL DISTRICT NO. 170 Executive Sessions:

Exhibit A: Transcript of March 19, 2008 Executive Session

Exhibit B: Transcript of April 14, 2008 Executive Session

Exhibit C: Transcript of April 23, 2008 Executive Session

Exhibit D: Transcript of July 9, 2008 Executive Session

Exhibit E: Transcript of September 17, 2008 Executive Session

### **III**.

**DEFENDANTS ASSERT THE ATTORNEY-CLIENT PRIVILEGE FOR PORTIONS OF THE REQUESTED AUDIOTAPES WHERE THE SCHOOL DISTRICT'S ATTORNEY WAS PRESENT GIVING LEGAL ADVICE OR WHEN A BOARD MEMBER RELAYED ADVICE GIVEN TO HIM/HER FROM THE SCHOOL DISTRICT'S ATTORNEY TO OTHER BOARD MEMBERS DURING EXECUTIVE SESSION**

20. Defendants further assert that for portions of the Executive Sessions, the attorney-client privilege applies where the DIXON SCHOOL DISTRICT NO. 170 attorney was present

5

and provided legal advice to the board. The attorney-client privilege is an absolute privilege that protects communications between attorney and client from discovery. Further, discussions are also privileged under the attorney-client privilege when an executive relays a summary of legal advice to others who share responsibility for the subject matter underlying the consultation. Kodish v. Oakbrook Terrace Fire Protection District, 235 F.R.D. 447, 452 (N.D.Ill. 2006).

21. For the portions of the audiotapes to which Defendants assert the attorney-client privilege, either the DIXON SCHOOL DISTRICT NO. 170 attorney was present and rendered legal advice during an Executive Session or another School Board member relayed advice given to him or her by the attorney to the remaining School Board members. Both conversations are privileged and protected from discovery under the rationale of Kodish.

22. For the portions of the audiotapes that Defendant asserts the attorney-client privilege, release would directly endanger their litigation strategy as it would reveal to Plaintiff the substance of confidential communications that form of the basis of Defendants' litigation strategy, thereby handing Plaintiff an unfair advantage. This concern is the fundamental reason courts protect such communications via the attorney-client privilege.

23. The following DIXON SCHOOL DISTRICT NO. 170 Executive Sessions involved the School Board seeking the advice and counsel of the Dixon School District's attorney or another board member relaying such advice of the Dixon School District's attorney to other board members:

        Exhibit A: Transcript of March 19, 2008 Executive Session – Page 2-3, 10

        Exhibit C: Transcript of April 23, 2008 Executive Session – Page 6

        Exhibit D: Transcript of July 9, 2008 Executive Session – Page 8-22

        Exhibit E: Transcript of September 17, 2008 Executive Session – Pages 6-19

WHEREFORE, Defendants pray for an order of this court recognizing their privileges against disclosure and for a denial of Plaintiff's Motion to Compel.

>Attorneys for Defendants,
>THE DIXON PUBLIC SCHOOL DISTRICT NO. 170, CAROLYN BRECHON, JAMES HEY, THOMAS BALSER and WOODY LENOX
>
>s/JOHN E. CASSIDY, III
>>JOHN E. CASSIDY, III
>>Cassidy & Mueller
>>416 Main Street, Suite 323
>>Peoria, IL  61602
>>Telephone:  309/676-0591
>>Facsimile:  309/676-8036
>>jcassidy@cassidymueller.com

## CERTIFICATE OF SERVICE

  I hereby certify that on December 18, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen Fieweger
Erie DeNeal Johnson
Katz, Huntoon & Fieweger, P.C.
1000 36th Avenue
P.O. Box 950
Moline, IL 61265
sfieweger@katzlawfirm.com
ejohnson@katzlawfirm.com

          s/  JOHN E. CASSIDY, III
            JOHN E. CASSIDY, III
            CASSIDY & MUELLER
            416 Main Street, Suite 323
            Peoria, IL 61602
            Telephone: 309/676-0591
            Fax: 309/676-8036
            E-mail: jcassidy@cassidymueller.com