# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 09 C 50119 | **DATE** | 9/24/2010 |
| **CASE TITLE** | Sandholm vs. Dixon Pub. Sch. Dist. No. 170 et al. | | |

**DOCKET ENTRY TEXT:**

The court has inspected in camera the transcripts of the executive school board meeting held on September 17, 2008 and the deposition transcripts submitted by Plaintiff evidencing waivers of certain material previously found privileged by the court. Plaintiff's renewed motion to compel [68] is granted, in part. The court will return the transcripts to Defendants' attorney. Defendants' attorney is directed to preserve the transcripts for the duration of this litigation.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiff's complaint alleges he was removed as Head Basketball Coach and Athletic and Activities Director ("Athletic Director") by the Dixon School District Board in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq*, and his due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983. During discovery, Plaintiff sought the production of audiotape recordings of executive school board meetings held on September 5 and September 17, 2008 through a motion to compel [43].

On March 10, 2010, the court issued an order [62][63] denying Plaintiff's motion after an *in camera* review of the transcripts of the relevant meetings. The court held the Illinois Open Meetings Act privilege applied to the contents of the meetings, and that the privilege outweighed Plaintiff's need for the information. (Mar.10, 2010 Mem. Op. & Order, Dkt. No. 63, p. 4.) The court also held that the deliberative process privilege applied to certain portions of the meetings, and again found that Plaintiff had not shown a particularized need for the information that outweighed Defendants' interest in having frank discussions regarding decisions with which they were entrusted. Finally, the court found that the attorney-client privilege applied to certain portions of the transcripts where Defendants' attorney gave legal advice to his clients. The court noted that its review of the transcripts revealed that the "material therein [was] of little relevance to the to the claims set forth in Plaintiff's complaint." (*Id.*)

The parties agree that subsequent to the court's March 10, 2010 order, it was discovered that a board member had disclosed certain information to Plaintiff regarding the contents of the September 17, 2008 executive board meeting. As a result, the parties agreed to allow limited deposition testimony by board members as to the previously disclosed information. The parties do not dispute that this constituted a waiver of certain otherwise-privileged information, but are divergent as to the extent of the waiver. Plaintiff has filed a motion to compel [68] arguing that the complete audiotape recordings of the September 17, 2008 meeting should be disclosed.

The court is not persuaded that the disclosures made by board members to Plaintiff and in depositions represent a full waiver of all privileges for the entirety of the September 17, 2008 executive meeting. The cases alluded to by Plaintiff to support such a proposition are distinguishable insofar as the waivers of

privilege found in each case were limited by the subject matter of the disclosures or the plaintiff's claims. Specifically, Plaintiff relies on the *Chinnici* decision for the proposition that "production of some documents waives the [attorney-client] privilege as to all documents." *Chinnici v. Central Dupage Hosp. Ass'n*, 136 F.R.D. 464, 465 (N.D. Ill. 1991). What Plaintiff omitted was that the waiver discussed in *Chinnici* applies only to documents "of the same subject matter." *Chinnici*, 136 F.R.D. at 465. In that case, the defendants voluntarily produced a document referencing specific advice from their attorney, and later attempted to redact language concerning the same material in a different document. *Id.* The court's determination that the material in the two documents was of the same subject matter was made through an *in camera* review. *Id.* Similarly, the court in the *Sronkoski* case conducted an *in camera* review of a defendant school board's executive meeting minutes and audio recordings to determine which portions were relevant to the plaintiff's claims. *Sronkoski v. Schaumburg Sch. Dist.*, 2009 U.S. Dist. LEXIS 57803, *2 (N.D. Ill. July 1, 2009). The court then limited its order to the material relevant to the plaintiff's claims. *Id.* at *14.

After conducting a second *in camera* review of the transcript of the September 17, 2008 executive meeting, the court re-affirms its finding that the discussions contained therein do little, if anything, to further Plaintiff's claims. Broadly speaking, the transcripts reveal discussions of the following: (1) material not related to Plaintiff or his situation; (2) the four options regarding Plaintiff's employment; (3) reflections and deliberations among respective board members as to the options; (4) advice from counsel regarding the options; (5) a brief summary of the overall views of the board regarding Plaintiff's situation; and (6) a plan for moving forward. Based on their briefs and deposition transcripts attached thereto, the parties apparently agree that the applicable privileges have been waived as to factual explanations of the four options, the "straw poll" (which the court assumes to mean the summary of the overall views of the board), and statements regarding the board's plan moving forward. As to the remaining material in the transcript, the court finds no evidence of any waiver and therefore reaffirms its prior findings of Illinois Open Meetings Act, deliberative process, and/or attorney-client privilege.

Likewise, the court is not persuaded to revisit its findings regarding Plaintiff's "particularized need" for information in light of the deposition testimony of Ms. Brechon highlighted by Plaintiff. A comparison of Ms. Brechon's testimony to the transcript from the meeting reveals nothing other than a witness confused by a line of questioning. Plaintiff's counsel asked a series of questions regarding a "straw poll" that was allegedly taken at the September 17, 2008 meeting. While Plaintiff responded at one point that she would need to hear what was specifically asked of her in order to answer about the straw poll, she responded to numerous other questions indicating that she was not clear as to the details of how the board members expressed their respective viewpoints. The court assumes it has received a full and complete copy of the meeting transcript and finds it does not reveal a clear-cut "straw poll" or vote, but rather general discussion and impressions from board members. To the extent Plaintiff seeks information on the contemporaneous viewpoints of the board members from that particular time, he has had the opportunity to examine them on their impressions of the September 17, 2008 meeting and its ultimate outcome through depositions.

In light of the above, Plaintiff's motion [68] is granted, in part. The court finds Plaintiff is entitled to the information for which Defendants waived their various privileges. Specifically, Defendant must produce audio recordings from the September 17, 2008 executive board meeting spanning the following sections of transcript: (1) page 6, line 7 through page 8, line 23 of the first part (summary of the four options); (2) page 1, line 10 through page 2, line 22 of the second part (recounting of a conversation with Plaintiff prior to the meeting); and (3) page 5, line 23 through page 6, line 19 of the second part (summary of board canvassing and plan moving forward). Defendants' attorney is directed to preserve the transcripts for the duration of this litigation.

| | Courtroom Deputy Initials: | BTJ |
|---|---|---|